STATE OF INDIANA EX REL. JOHN MORTON-FINNEY *v.*
BOARD OF SCHOOL COMMISSIONERS OF INDPL'S.

[No. 172 A 19. Filed March 27, 1972. Rehearing denied
April 26, 1972. Transfer denied September 15, 1972.]

*John Morton-Finney,* of Indianapolis, for appellant.

*Earl Clay Ulen, Jr., Daniel E. Johnson, Wilson S. Stober,* of Indianapolis, for appellee.

ROBERTSON, P.J.—This is an appeal from a negative verdict entered against plaintiff-appellant, Dr. John Morton-Finney, (Morton-Finney), on his complaint for mandate against defendant-appellee, The Board of School Commissioners of the City of Indianapolis, (Board.)

Morton-Finney filed his complaint seeking a mandate against the Board by which he was formerly employed to

compel them to reemploy him as a teacher. The cause was venued to Shelby Superior court where a trial by the court was held. The trial court made special findings of fact and conclusions of law, and entered judgment against Morton-Finney. His timely filed motion to correct errors was overruled with this appeal resulting therefrom.

The trial court's findings of fact may be summarized as follows; Morton-Finney was first employed as a teacher by the Board for the school year 1922-23. During the school year 1927-28, he acquired tenure status under the Teacher Tenure Act.

In 1927, Morton-Finney became a member of the Indiana State Teachers' Retirement Fund, and has since made maximum contributions to the retirement fund. In 1933, the Teacher Tenure Act (IC 1971, 20-6-12-1, Ind. Ann. Stat. § 28-4511 [Burns 1970]), was amended to provide for automatic termination of a tenure teacher's employment when he or she attained the age of sixty-six years.

In 1937, the Teachers' Retirement Fund Act (IC 1971, 21-6-1-6, Ind. Ann. Stat. § 28-4806(d), [Burns 1970]), was amended to provide for automatic termination at age sixty-six of those who availed themselves of and accepted the provisions and privileges of the amended act. Subsequent amendments of the Teachers' Retirement Fund Act expressly provided that any teacher whose rights in the fund had vested prior to July 1, 1945, would continue in his relationship to the fund as constituted subsequent to 1937 unless he elected, prior to December 31, 1946, to accept the benefits of the Teachers' Retirement Fund Act prior to the amendments in 1937.

The court further found that, during the school years 1945-46 and 1946-47, Morton-Finney executed written teachers' contracts in which he expressly elected and agreed that:

". . . all of the terms of Chapter 182 of the Acts of 1915 and acts supplemental thereto and amendatory thereof,

commonly known as the Indiana Teachers' Retirement Fund Act, shall be in full force and effect with respect to said employer and teacher."

At no time, the court found, during his teaching career did Morton-Finney take any steps to preserve his membership in the fund as it was constituted in 1927. Morton-Finney agreed annually in his teachers' contracts "to observe all reasonable rules and regulations of the properly constituted school authorities." In 1953, the Board passed Resolution #1898 adopting a policy whereunder a teacher's right to employment would terminate upon the teacher reaching the age of sixty-six years.

Morton-Finney reached the age of sixty-six years in 1955, but he was nevertheless employed as a teacher by the Board for fourteen subsequent years, up to and including the school year 1969-70. The Board elected not to employ him for the school years 1970-71, and so notified him.

The only issue properly presented and argued in this case is whether or not Morton-Finney, by his participation in the Teachers' Retirement Fund, and execution of written teachers' contracts subsequent to 1946, forfeited his teacher tenure status and submitted himself to the automatic termination at age sixty-six?

Morton-Finney's position is that his status as a tenure teacher was acquired prior to the time the Indiana General Assembly amended the Teacher Tenure Act to provide that a tenure teacher's "indefinite contract should remain in force only until a teacher's attainment of the age of sixty-six years." As a consequence Morton-Finney contends he is entitled to employment by the Board until he voluntarily resigns or he is discharged by the Board for incompetence or insubordination, and that this is the case regardless of any later promises or representations which he made by means of written contracts with the Board.

The Board's position is that Morton-Finney's "during life

or good behavior" right of employment ceased upon his reaching age sixty-six because the contracts he signed, as well as his conduct, placed him under the purview of the amended Teacher Tenure Act and Teachers' Retirement Fund Act.

It is with the latter contention that this court agrees. The evidence most favorable to the appellee shows that Morton-Finney made no express election to remain bound by the terms of the Teachers' Retirement Fund Act as it was constituted prior to the 1937 amendment which imposed employment termination at age sixty-six. In addition, by signing the contracts during the period in which such an election could be made, (1945 through 1946), Morton-Finney expressly bound himself to the post 1937 plan, and its amendments by the heretofore quoted language of the contract. This intent is manifested further by the fact that he participated in the maximum amounts of contributions to the Teachers' Retirement Fund. (Election to participate under the pre-1933 amendment would have resulted in contributions in a lesser amount.)

It cannot be said now by Morton-Finney that the consequences of his acts were misconstrued, for the evidence shows him being schooled in the law, being attentive to statutory changes as they were made by the various General Assemblies, and reading his contracts prior to signing.

The end legal result manifests itself in that, as a matter of law, Morton-Finney's status as a teacher is controlled by the provisions of the Teachers' Retirement Fund Act and the Teacher Tenure Act which terminates tenure status at age sixty-six.

". . . Rights of parties under their contracts must be determined upon the theory that they knew and correctly interpreted the law affecting their interests. If they compromise, cancel, or abandon their contracts under a misapprehension as to the rights or remedies which the law may afford them, the law will not reinstate the contracts upon discovery of their misapprehension and proof of their mistake. If it were otherwise there would be in-

tolerable uncertainty as to the effect of agreements concerning contracts." *Board of School Commrs.* v. *State ex rel. Bever* (1936), 211 Ind. 257, 259, 5 N. E. 2d 307.

Morton-Finney further agreed to be bound by all reasonable rules of the Board, of which Resolution #1898 was one. It will be recalled this resolution terminates the right of employment at age sixty-six, with certain exceptions which were offered to Morton-Finney for some fourteen years.

As a consequence of the contractual obligations, Morton-Finney's right to compel the Board to employ him was terminated upon his reaching the age of sixty-six.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 280 N. E. 2d 317.